IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NINA SPEAR ,<br>            **Plaintiff,**<br><br>     v.<br><br>MARRIOTTT HOTEL SERVICES, INC., MARRIOTT INTERNATIONAL ADMINISTRATIVE SERVICES, INC., HOST HOTELS & RESORTS, L.P., HOST HOTELS & RESORTS, INC., HOST MARRIOTTT CORPORATION, MARRIOTTT INTERNATIONAL, INC. AND MARRIOTTT SAN JUAN RESORT AND STELLARIS CASION,<br>            **Defendants.** | CIVIL ACTION<br><br><br><br>NO.  15-6447 |

## MEMORANDUM OPINION

This action arises from a slip-and-fall incident that occurred at a beachfront hotel in San Juan, Puerto Rico.  Plaintiff Nina Spear ("Spear"), who is a resident of Pennsylvania, has filed a single-count Complaint alleging negligence against defendants whom Spear asserts owned, operated, or otherwise controlled the hotel at which she was injured.  Defendants are individually registered or incorporated in Delaware and Maryland.

Before the Court is defendants' motion to dismiss for lack of personal jurisdiction or, in the alternative, for improper venue.  Defendants contend that a Pennsylvania court cannot exercise jurisdiction over them based on their lack of contact in the State.  In the alternative, defendants argue that venue is not proper in this District and that the action should be transferred to the United States District Court for District of Puerto Rico.

For the reasons that follow, the motion to dismiss for lack of personal jurisdiction is granted and the action is transferred to the U.S. District Court for the District of Puerto Rico.

1

I.      BACKGROUND

On or about December 31, 2014, Plaintiff Nina Spear ("Spear") was a guest at a beachfront hotel located at 1309 Ashford Avenue, San Juan, Puerto Rico, 00907 ("the hotel"), where she tripped and fell on what she asserts was concealed and buried rope.  *See* Comp. at ¶ 11.  As a result, Spear suffered injuries including a non-displaced transverse fracture and "other ills and injuries."  *Id.* at ¶ 19.  This suit followed.

Spear resides in Philadelphia, Pennsylvania.  Comp. at ¶ 1.  The Complaint alleges that Marriott Hotel Services, Inc., Marriott International Administrative Services, Inc., Host Hotels & Resorts, L.P., Host Hotels & Resorts, Inc., Host Marriott Corporation, and Marriott International, Inc., operate within the state of Pennsylvania.  Comp. at ¶¶ 2-7.  The Complaint further alleges that Marriott San Juan Resort & Stellaris Casino operates in Puerto Rico.  Comp. at ¶ 8.  Attached to her response in opposition to defendants' motion to dismiss are documents purporting to show that defendants are registered to do business in the State of Pennsylvania.  Opp'n, Exhibit B.

In their Notice of Removal, defendants maintain that: Marriott Hotel Services, Inc. is a Delaware corporation with its principal place of business in Maryland; Marriott International Administrative Services, Inc. is a Delaware corporation with its principal place of business in Maryland; Host Hotels & Resorts, L.P. is a Delaware limited partnership with its principal place of business in Maryland; Host Hotels & Resorts, Inc., and the entity named as Host Marriott Corporation, are or were Maryland corporations with their principal place of business in Maryland; Marriott International, Inc. is a Delaware corporation with its principal place of business in Maryland; the entity improperly named as Marriott San Juan Resort & Stellaris Casino is not a legal entity, and the hotel is owned by a legal entity named Condado Hotel

Partnership, S.E., L.P., a Delaware limited partnership with its principal place of business in Puerto Rico; and that the hotel at issue is managed by Marriott P.R. Corporation, an indirect wholly-owned subsidiary of Marriott International, Inc., both of which are Delaware corporations with a principal place of business in Maryland.  *See* Notice of Removal at ¶¶ 3-8.

## II.     DISCUSSION

### A.  Standard of Review

When reviewing a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the Court must accept the plaintiff's allegations as true and resolve disputed facts in favor of the plaintiff.  *See Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002).  However, once a defendant raises a jurisdictional defense, the plaintiff must "prove by affidavits or other competent evidence that jurisdiction is proper."  *See Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009).  If an evidentiary hearing is not held, a plaintiff need only show a prima facie case of personal jurisdiction by "establishing with reasonable particularity sufficient contacts between the defendant and the forum state."  *Provident Nat. Bank v. California Fed. Sav. & Loan Assoc.,* 819 F.2d 434 (3d Cir. 1987).

### B.  Personal Jurisdiction

Federal courts sitting in diversity may exercise personal jurisdiction over non-resident defendants to the extent provided by the law of the state in which the federal court sits.  *Metcalfe*, 566 F.3d at 330 (citing Fed R. Civ. P. 4(k)(1)(A)).  Pennsylvania law authorizes personal jurisdiction to "the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States."  42 Pa. Cons. Stat. Ann. § 5322(b).  As such, the Due Process Clause limits

the exercise of personal jurisdiction under Pennsylvania law. *Mellon Bank v. Farino*, 960 F.2d 1217, 1221 (3d Cir. 1992).

Consistent with due process, personal jurisdiction can be "exercised under two distinct theories, a defendant's general or claim-specific contacts with the forum." *Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001). General jurisdiction arises when a defendant has maintained systematic and continuous contacts with the forum state; specific jurisdiction exists when the claim arises from or relates to conduct purposefully directed at the forum state. *MacKay v. Donovan*, 747 F. Supp. 2d 496, 501 (E.D. Pa. 2010). There is no dispute that Spear's claim arose from conduct in Puerto Rico, and there are no indications that Spear's claim relates in any way to conduct by defendants directed at Pennsylvania; thus, defendants' motion turns on the applicability of general jurisdiction.

A corporation's principal place of business and its state of incorporation are paradigm bases for determining whether a court may exercise general jurisdiction. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846 (2011); *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014). Only in the "exceptional case" will substantial, continuous, and systematic contacts, such that the defendant is "essentially at home in the forum State," form the basis for general jurisdiction. *Daimler*, 134 S. Ct. at 760-61 (internal quotations and citation omitted). Otherwise, to exercise general jurisdiction in any state in which a company does business "would scarcely permit out-of-state defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." *Id.*

In this case, the Complaint does not allege sufficient facts that would suggest that the defendants are "at home" in Pennsylvania. Regarding the paradigm bases for general jurisdiction for corporations, Spear has not alleged that defendants are incorporated or have their principal

4

place of business in Pennsylvania.  Similarly, Spear has not alleged that any of the members of the defendant partnerships are citizens of Pennsylvania, have their principal place of business in Pennsylvania, or were organized in Pennsylvania.  Spear simply alleges, without any reasonable particularity, that defendants—with the exception of Marriott San Juan Resort & Stellaris Casino—"operat[e]" within the state of Pennsylvania.  Comp. at ¶¶ 2-8.  Despite the opportunity to submit affidavits or other documentation that would further detail the extent of defendants' operations in Pennsylvania (*Metcalfe*, 566 F.3d at 330), Spear relies solely on the fact that defendants are registered to do business and, as she says, operate within Pennsylvania.  For example, Spear has not alleged that defendants maintain physical premises in Pennsylvania, conduct corporate proceedings in Pennsylvania, or whether defendants even generate any revenue within Pennsylvania.

Applying the considerations of *Daimler* and *Goodyear*, the mere allegation that defendants operate in the State does not render defendants "at home" in Pennsylvania and subject it to general jurisdiction here.  *See e.g., Farber v. Tennant Truck Lines, Inc.*, 84 F.Supp.3d 421, 424-25 (E.D.Pa. 2015) (defendant was not "at home" in Pennsylvania even where defendant paid taxes, employed workers, purchased supplies, and filed a corporate tax report in Pennsylvania); *Manley v. Premium Spray Products, Inc.*, 2015 WL 1475310 at *3 (E.D.Pa. Mar. 31, 2015) ("[plaintiff's] naked assertion that [defendant] 'regularly conducts business' in Pennsylvania" was insufficient to establish general jurisdiction); *Campbell v. Fast Retailing USA, Inc.*, 2015 WL 9302847 at *3 (E.D.Pa. Dec. 22, 2015) ("[t]he allegation that an entity transacts business, even substantial business, in Pennsylvania is insufficient to establish that it is essentially 'at home' in Pennsylvania").

Since *International Shoe*, the origin of modern jurisdictional analysis, the Supreme Court has maintained that "continuous activity of some sorts within a state is not enough to support the demand that the corporation be amenable to suits unrelated to that activity." 326 U.S. at 318 (cited in *Goodyear*, 131 S. Ct. at 2856). *Goodyear* and *Daimler* contain nothing to disturb that reasoning. Accordingly, defendants' motion to dismiss for lack of personal jurisdiction will be granted.[1]

### C. Venue

If a district court lacks jurisdiction over a matter, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. Transfer under this section is appropriate where "(1) jurisdiction is wanting in this court, (2) transfer is in the interest of justice, and (3) the action could have been brought in the transferee court at the time it was filed in this court." *Rodriguez v. Bush*, 367 F. Supp. 2d 765, 772 (E.D.Pa. 2005).

As this Court has determined that it lacks personal jurisdiction over defendants, the Court finds it is in the interests of justice to transfer this matter to an appropriate district rather than dismiss the case and force Spear to refile and restart in another jurisdiction. Based on the Court's review of the record—and, in particular, given the location of the accident giving rise to this cause of action and the relevant witnesses thereto—the most appropriate transferee district is the United States District Court for the District of Puerto Rico. An Order follows.

Dated: **January 15, 2016**

                                                **BY THE COURT:**
                                                **/S/WENDY BEETLESTONE, J.**
                                                _____
                                                **WENDY BEETLESTONE, J.**

---

[1] Because the Court is granting the motion to dismiss for lack of personal jurisdiction, it declines to address defendants' arguments regarding improper venue and failure to state a claim.